UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2018 JAN 31 P 1: 20

| | |
|---|---|
| GEORGE A. SIDES, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) | Case No. 2:18-cv-60-MHT |
| Plaintiffs, ) ) | DEMAND FOR JURY TRIAL |
| vs. ) ) | |
| STATE FARM LIFE INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff George A. Sides ("Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant State Farm Life Insurance Company ("Defendant"), states and alleges as follows:

### INTRODUCTION

1. This is a class action for breach of contract and conversion to recover amounts that Defendant has charged and collected from Plaintiff and members of a class of life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2. The terms of Plaintiff's life insurance policy provides the ". . . policy is based on the application and the payment of premiums as specified in the policy." Ex. A at p. 1. The premium specified in the Policy is a "Planned Premium," which is defined as the ". . . premium amount that you have chosen . . . [and] . . . is shown on page 3 for the payment period that you

1

have chosen." *Id.* at p. 5. In Plaintiff's case, the following provision appears on page 3 of the Policy:

```
                    SCHEDULE OF PREMIUMS

Planned premiums are included in the schedule shown below. The payment period for the
planned premiums is 1 month starting on February 21, 2013 payable until the maturity
date.
An expense charge of 7.5% is deducted from each premium paid.


                        Total Premiums
Beginning:              For Policy Year

October 21, 2013         $2,100.00
```

*Id.* at p. 3.

3. Plaintiff's Policy defines the "Maturity Date" as "[t]he policy anniversary when the Insured is age 95," and, in Plaintiff's case, as October 21, 2030. *Id.* at pp. 3, 5. Thus, Plaintiff's planned premium specified in the Policy is payable for a period of 16 years and 9 months. Plaintiff has paid the planned premiums according to the Schedule of Premiums.

4. Recently, however, Defendant has stated that despite Plaintiff's payment of planned premiums and that the premiums are payable for the next 16 years and 9 months, the Policy will lapse. Defendant's refusal to maintain the Policy effective until the Maturity Date when Plaintiff continues paying his planned premium is in breach of the Policy's terms.

5. The terms of Plaintiff's life insurance policy also provides for a "Cash Value" consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years, Defendant has systematically deducted monies from Plaintiff's Cash Value in breach of the policy's terms.

6. Defendant is contractually bound to deduct only those charges that are explicitly identified and authorized by the terms of its life insurance policies. Despite unambiguous policy

2

language in a fully integrated agreement, Defendant deducts charges from the Cash Values of Plaintiff and the proposed Class in excess of amounts specifically permitted by their policies.

7. Defendant has caused material harm to Plaintiff and the proposed Class by improperly draining monies they have accumulated in the Cash Value under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: invest through the policy; pay future premiums; maintain the sufficiency of the planned premium; increase the death benefit; use as collateral for policy loans; or withdraw as cash.

8. Plaintiff brings this case as a class action under FED. R. CIV. P. 23, on behalf of himself and as representative of the following persons (the "Class"):

> All persons who were residents of the State of Alabama at the time of purchase and who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the insured's age, sex, and applicable premium or rate class, and which can be adjusted for projected changes in mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; 4) a death benefit; and 5) planned premiums.

## PARTIES

9. Plaintiff George A. Sides is an individual and resident of Montgomery, Alabama, residing in this judicial district.

10. Defendant State Farm Life Insurance Company is a life insurance company organized and existing under the laws of the State of Illinois, where it maintains its principal place of business in Bloomington, Illinois at One State Farm Plaza, Bloomington, IL 61701. Defendant is registered to do business in the State of Alabama and can be served via its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, AL 36104.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and division.

## GENERAL ALLEGATIONS

13.     Plaintiff purchased from Defendant a flexible premium adjustable life insurance policy bearing the policy number LF-0982-7132, and a policy date of October 21, 1988, with an initial basic amount of $60,000 (the "Policy").[1]  A true and accurate copy of the Policy is incorporated herein by reference and attached hereto as Exhibit A.

14.     Plaintiff has always been both the "owner" and the "insured" under the Policy.

15.     Defendant is the effective and liable insurer of the Policy.

16.     The Policy is a valid and enforceable contract between Plaintiff and Defendant.

17.     "The [P]olicy is the entire contract," and it consists of "the Basic Plan, any amendments, endorsements, and riders, and a copy of the application." Ex. A at p. 11.

18.     The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders; they cannot be altered by an agent's representations at the time of sale.

19.     "Only an officer has the right to change this policy. No agent has the authority to change the policy or to waive any of its terms. All endorsements, amendments, and riders must be signed by an officer to be valid." Ex. A at p. 11.

---

[1] His wife, Lois W. Sides, is listed as an additional insured on the Policy with a level term policy rider in the amount of $25,000.

20. Defendant has administered and currently administers all aspects of the Policy, and the policies meeting the class definition set forth above (the "Class Policies"), including collecting premiums and setting, assessing, and deducting policy charges.

21. Plaintiff's Policy specifically defines "Planned Premium" as follows: "Planned premiums are included in the schedule shown below. The payment period for the planned premiums is 1 month starting on February 21, 2013 payable until the maturity date." Ex. A at p. 3. The schedule provides for $2,100.00 to be paid per year beginning October 21, 2013. *Id.*

22. The listed maturity date is October 21, 2030.

23. To the extent Defendant can alter the Cost of Insurance Rate (described below) deducted from the Policy each month, it is expressly limited to only considering age, sex, and projected mortality changes when calculating that rate and using it to deduct from Plaintiff's Cash Value.

24. Unlike standard term life insurance policies, the Policy and Class Policies provide policyholders with an investment, savings, or interest-bearing component (identified in the Policy and Class Policies as the "Cash Value"[2]) in addition to a death benefit.

25. Under life insurance policies like the Policy and Class Policies, premium dollars are deposited into the Cash Value, from which the insurer deducts those monthly charges authorized by policy terms. Under the terms of the Policy and Class Policies, the Cash Value consists of an interest bearing account that accumulates over time.

26. The funds held in the Cash Value of the Policy and Class Policies are policy owner property that Defendant holds in trust for policy owners.

---

[2] Other Class Policies may refer to this component as the "Account Value," "Accumulation Value," or another similar term, but the purpose is identical; it is referred to as the "Cash Value" throughout this Class Action Complaint.

27. Under the express terms of the Policy, the Cash Value is equal to 92½% of the initial premium less the monthly deduction for the first policy month, and thereafter:

> The cash value on any deduction date after the policy date is the cash value on the prior deduction date:
>
> Basic
> (1) plus 92½% of any premiums received since the prior deduction date,
> (2) less the deduction for the cost of insurance for any increase in Amount and the monthly charges for any riders that became effective since the prior deduction date,
> (3) less any withdrawals since the prior deduction date,
> (4) less the current monthly deduction,
> (5) plus any dividend paid and added to the cash value on the current deduction date, and
> (6) plus any interest accrued since the prior deduction date.
>
> The cash value on any other date is the cash value on the prior deduction date:
>
> Basic
> (1) plus 92½% of any premiums received since the prior deduction date,
> (2) less the deduction for the cost of insurance for any increase in Amount and the monthly charges for any riders that became effective since the prior deduction date,
> (3) less any withdrawals since the prior deduction date, and
> (4) plus any interest accrued since the prior deduction date.

Ex. A at p. 9.[3]

28. Defendant may access and withdraw funds from the Cash Value only as expressly authorized by the Policy and Class Policies.

29. The Policy and Class Policies expressly define the specific charges that Defendant may assess and deduct from a given policyholder's premium payments and the accumulated Cash Value. Defendant may only deduct those charges allowed by the Policy and Class Policies.

30. The Policy authorizes Defendant to take a "Monthly Deduction" from Plaintiff's Cash Value each month. Ex. A at p. 9.

---

[3] The "Policy Date" is the effective date of the Policy, and the "Deduction Date" is "[t]he policy date and each monthly anniversary of the policy date." Ex. A at p. 5. The Deduction Date under Plaintiff's Policy is the 21st of each month. Ex. A at p. 3.

6

31. The Policy expressly defines the Monthly Deduction as follows:

> **Monthly Deduction.** This deduction is made each month, whether or not premiums are paid, as long as the cash surrender value is enough to cover that monthly deduction. Each deduction includes:
> (1) the cost of insurance,
> (2) the monthly charges for any riders, and
> (3) the monthly expense charge.

Ex. A at p. 9.

32. The Policy states that the monthly expense charge ("Expense Charge") is $4.00.

Ex. A at p. 3.

33. The Policy also expressly defines how the charge for the Policy's "Cost of Insurance" ("Cost of Insurance Charge") is determined and calculated:

> **Cost of Insurance.** This cost is calculated each month. The cost is determined separately for the Initial Basic Amount and each increase in Basic Amount.
>
> The cost of insurance is the monthly cost of insurance times the difference between (1) and (2), where:
> (1) is the amount of insurance on the deduction date at the start of the month divided by 1.0032737, and
> (2) is the cash value on the deduction date at the start of the month before the cost of insurance and the monthly charge for any waiver of monthly deduction benefit rider are deducted.
>
> Until the cash value exceeds the Initial Basic Amount, the cash value is part of the Initial Basic Amount. Once the cash value exceeds that amount, if there have been any increases in Basic Amount, the excess will be part of the increases in order in which the increases occurred.

Ex. A at p. 10.

34. The Policy explicitly discloses the factors Defendant may use to determine "Monthly Cost of Insurance Rates," which are used to calculate the Cost of Insurance Charge that is deducted from the Cash Value each month:

> **Monthly Cost of Insurance Rates.** These rates for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class. A rate class will be determined for the Initial Basic Amount and for each increase. The rates shown on page 4 are the maximum monthly cost of insurance rates for the

7

> Initial Basic Amount. Maximum monthly cost of insurance rates will be provided for each increase in the Basic Amount. We can charge rates lower than those shown. Such rates can be adjusted for projected changes in mortality but cannot exceed the maximum monthly cost of insurance rates. Such adjustments cannot be made more than once a calendar year.

Ex. A at p. 10.

35. Defendant admits that a rate "based on" factors explicitly identified in the Policy must be determined using only those identified factors. *See Alleman v. State Farm Life Ins. Co.*, 334 Fed. App'x. 470, 472 (3d Cir. 2009) (affirming summary judgment in State Farm's favor, and rejecting plaintiff insured's argument that provision in life insurance policy stating charge would be "based on the Insured's age last birthday and sex" should be read to include other undisclosed factors, because "[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate . . . .") (emphasis added).

36. Under the explicit terms of the Policy, therefore, Defendant is authorized to use only the Insured's age, sex, applicable rate class, and projected changes in mortality when determining the Policy's Monthly Cost of Insurance Rates. Ex. A at p. 10.

37. Age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

38. An insured would reasonably read age, sex, and rate class, in combination with the disclosure that rates can only be adjusted for "projected changes in mortality," and understand that only mortality expectations are used to determine Monthly Cost of Insurance Rates. *See* Ex. A at p. 10.

39. By specifically identifying age, sex, and rate class as the defining components of the Monthly Cost of Insurance Rate, the parties agreed that mortality expectations are what determines the Monthly Cost of Insurance Rates under the Policy, which is also further

8

confirmed where the Policy states that "[s]uch rates can be adjusted for projected changes in mortality." Ex. A at p. 10.

40. Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policyholder Cash Values including, specifically, Cost of Insurance Charges that are calculated using rates that Defendant must determine based on specified factors, and that can only be adjusted for projected changes in mortality.

41. Like the Policy, the Class Policies also disclose separate, monthly expense charges or deductions that Defendant sets in fixed amounts.

42. Although the Policy and Class Policies authorize Defendant to use only certain, specified factors in determining Monthly Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policy and Class Policies, when determining those rates, including without limitation:

    a. Expense experience;

    b. Persistency;

    c. Taxes;

    d. Profit assumptions;

    e. Investment Earnings;

    f. Capital and reserve requirements; and

    g. Other unspecified factors.

43. By including these other factors in the Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies and, as a result, withdraws Cost of Insurance Charges from the Cash Value in amounts greater than those authorized by the Policy and Class Policies.

44. By loading Monthly Cost of Insurance Rates with unauthorized factors, Defendant repeatedly and continuously breaches the Policy and Class Policies through impermissibly inflating those rates.

45. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged. Such damages are continuing in nature in that Defendant has deducted and will deduct Cost of Insurance Charges from the Cash Values of Plaintiff and the Class in amounts not authorized by the Policy or Class Policies.

46. By loading Monthly Cost of Insurance Rates with undisclosed factors, including without limitation maintenance, administrative, and other expense factors, Defendant also repeatedly and continuously breaches the Expense Charge provisions of the Policy and Class Policies by impermissibly deducting Expense Charges from the Cash Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by their policies.

47. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses, including without limitation maintenance, administrative, and other expenses, from the Cash Values of Plaintiff and the Class in amounts not authorized by the Policy and Class Policies.

48. The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from Cash Values.

49. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy and Class Policies. The Monthly Cost of

Insurance Rates actually used to calculate the Monthly Cost of Insurance Charges, including the components or factors that comprise those rates, are not disclosed to policy owners. Even if such information was disclosed, Plaintiff and the Class lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

50. Defendant was aware of its non-disclosure because of its superior knowledge of the aforementioned computations. Concealment of its conduct and failure to disclose its conduct to Plaintiff and the Class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and the Class. Plaintiff did not learn of Defendant's breaches of the Policy until approximately January 2017, when he was notified that his premiums would be increasing and thereafter engaged counsel.

51. Plaintiff had no actual or presumptive knowledge of the breaches and therefore is not at fault for failing to discover the breaches. Plaintiff did not learn that Defendant was breaching the Policy because the facts that show breach and the harm caused by Defendant's breaches were not reasonably discoverable by Plaintiff.

52. Plaintiff received a letter from Defendant dated January 13, 2017 informing him that his monthly premium of $175 per month was not enough to pay the monthly cost of insurance and policy charges. This letter requested an additional payment of $265.41 before February 19, 2017 to prevent the Policy from lapsing. This letter also advised Plaintiff that he should increase his minimum monthly premium to at least $263.47 to "ensure coverage as long as possible" and "cover the cost of this insurance." *See* Ex. B.

53. Plaintiff received an additional notice prepared on January 21, 2017 that he must pay $526.95 by February 19, 2017 or his Policy would terminate because his cash value was not

11

sufficient to pay his monthly deductions as of December 21, 2016. In fear that his Policy of over twenty-eight years would lapse, Plaintiff paid the requested amount.

54. Plaintiff never missed a premium payment.

## CLASS ALLEGATIONS

55. Plaintiff brings this case as a class action under FED. R. CIV. P. 23, on behalf of himself and as a representative of the following Class:

> All persons who were residents of the State of Alabama at the time of purchase and who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the insured's age, sex, and applicable premium or rate class, and which can be adjusted for projected changes in mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; 4) a death benefit and 5) planned premiums.

Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of Defendant, the legal representatives, heirs, successors, and assigns of Defendant, anyone employed with Plaintiff's counsel's firms, and any Judge to whom this case is assigned, and his or her immediate family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

56. Plaintiff's Class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein.

57. The persons who fall within the Class number are at least in the hundreds and most likely thousands, satisfying the numerosity requirement. Because Class members are geographically dispersed across the state, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

58. There are questions of fact and law common to the Class that predominates over any questions affecting only individual members. The questions of fact and law common to the Class arising from Defendant's actions include, without limitation, the following:

- a. Whether Defendant is permitted by the Class Policies to use factors other than those disclosed in the Class Policies to determine the Monthly Cost of Insurance Rates used to calculate insurance policy deductions;

- b. Whether Defendant used factors not specified in the Class Policies when determining the Monthly Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions;

- c. Whether Defendant added or included factors not specified in the Class Policies when determining the Monthly Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions;

- d. Whether Defendant added or included factors unrelated to its mortality expectations in setting and determining rates that the Class Policies provide are "based on" specified mortality factors and no other disclosed factors;

- e. Whether Defendant charged amounts in excess of those specifically authorized by the Class Policies;

- f. Whether Defendant is permitted to terminate the policy before the policy's maturity date when planned premiums have been and are being paid;

- g. Whether Defendant is permitted to require payment of premiums in excess of the planned premiums, outside of the schedule identified in the policy;

- h. Whether Defendant breached the terms of the Class Policies;

- i. Whether the Class sustained damages as a result of Defendant's breaches of contract;

- j. Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's breaches of contract; and

- k. Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

59. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

13

economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

60. Plaintiff's claims are typical of those of the Class in that Class members purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policy and Class Policies.

61. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

62. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of those he seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

63. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts, which could result in inconsistent adjudications while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: BREACH OF CONTRACT
### (Cost of Insurance Charge)

64. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

65. Plaintiff and the Class purchased life insurance policies, the Policy and Class Policies, from Defendant.

66. The Policy and Class Policies are valid and enforceable contracts between Plaintiff and the Class, and Defendant.

67. Plaintiff and the Class substantially performed their obligations under the terms of the Policy and Class Policies.

68. By including unauthorized factors in Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies.

69. Because Defendant calculates Cost of Insurance Charges using Monthly Cost of Insurance Rates that are higher than those authorized by the Policy and Class Policies, Defendant has deducted Cost of Insurance Charges from the Cash Values of Plaintiff and the Class in amounts greater than those authorized by their policies.

70. Defendant's practice of deducting charges in amounts not authorized by the Policy and Class Policies constitutes a breach of the policies.

71. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged.

## COUNT II: BREACH OF CONTRACT
### (Expense Charge)

72. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

73. By loading Monthly Cost of Insurance Rates with undisclosed expense factors, Defendant impermissibly deducts Expense Charges from the Cash Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by their policies.

74. By deducting unauthorized Expense Charges from the Cash Values of Plaintiff and the Class, Defendant has breached the Policy and Class Policies.

75. As a direct and proximate result of Defendant's breach, Plaintiff and the class have been damaged.

## COUNT III: BREACH OF CONTRACT
### (Planned Premiums)

76. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

77. Plaintiff's policy provides for a planned, fixed premium to be paid until the maturity date of the policy.

78. By increasing the planned premium and threatening to cancel the policy before the maturity date if the increased premium is not paid, Defendant has breached the Policy and Class Policies.

79. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged.

## COUNT IV: CONVERSION

80. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

81.     Plaintiff and the Class had a property interest in the funds Defendant deducted from their Cash Values in excess of the amounts permitted by the terms of the Policy and Class Policies.

82.     Defendant misappropriated or misapplied specific funds placed in the custody of Defendant for the benefit of Plaintiff and the Class for use consistent with the terms of the Policy and Class Policies by deducting Cost of Insurance Charges and Expense Charges in unauthorized amounts from the Cash Values, without authorization or consent, and diverted those funds for its own use.

83.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged.

84.     Although requiring expert testimony, the amounts of unauthorized Cost of Insurance Charges and Expense Charges that Defendant took from Plaintiff and the Class are capable of determination, to an identified sum, through comparison of Plaintiff's actual Cost of Insurance Charge each month to a Cost of Insurance Charge computed using a Monthly Cost of Insurance Rate determined using the mortality factors disclosed in the Policy and Class Policies.

85.     On behalf of himself and the Class, Plaintiff seeks all damages and consequential damages proximately caused by Defendant's conduct.

86.     Defendant intended to cause damage to Plaintiff and the Class by deducting more than authorized from their Cash Values. Its conduct was, therefore, malicious and Defendant is also guilty of oppression in that its systematic acts of conversion subjected Plaintiff and the Class to cruel and unjust hardship in conscious disregard of their rights. Plaintiff and the Class are therefore entitled to punitive or exemplary damages.

## COUNT V: DECLARATORY RELIEF

87. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

88. An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

89. Plaintiff contends that Defendant has breached the Policy and Class Policies in the following respects:

   a. By using unauthorized and undisclosed factors to compute the Monthly Cost of Insurance Rates under the Policy and Class Policies, Defendant impermissibly increased Monthly Cost of Insurance Rates for the Policy and the Class Policies and, as a result, withdraws Cost of Insurance Charges from the Cash Values of Plaintiff and the Class in amounts greater than those authorized by the Policy and Class Policies;

   b. By inflating Monthly Cost of Insurance Rates under the Policy and Class Policies with expense factors, including without limitation maintenance, administrative, and other expense factors, that are not disclosed as being used to determine those rates, Defendant impermissibly deducted Expense Charges from the Cash Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by the Policy and Class Policies; and

   c. By increasing monthly premiums outside of the schedule identified in the Policy and threatening to cancel the Policy before the maturity date if the increased payments are not made.

90. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies, and further requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policy and Class Policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief as follows: an order certifying this case as a class action under FED. R. CIV. P. 23;

compensatory damages in an amount to be proven at trial; costs; pre- and post-judgment interest at the maximum rate allowed by law; attorneys' fees; punitive damages; disgorgement; a declaration that Defendant's ongoing conduct asserted herein is in material breach of the Policy and Class Policies; and such other legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: January 30, 2018

/s/ James M. Terrell

James M. Terrell (ASB-0887-L73J)
P. Michael Yancey (ASB-1134-R75Y)
Courtney C. Gipson (ASB-5152-Q91K)
Brooke B. Rebarchak (ASB-6522-S69V)
*Attorneys for Plaintiff*

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY,**
  **STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**

**State Farm Life Insurance Company**
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104